IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERMEL LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-0259-N |
| | § | |
| CITY OF DALLAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Defendant City of Dallas's (the "City") motion to dismiss Plaintiff Jermel Lewis's complaint against the City of Dallas and the Dallas Marshal's office (the "Marshal's Office"), and Plaintiff's Texas tort claims against Steve Moreau [16], and Defendant Steve Moreau's motion to dismiss Plaintiff's complaint [17]. Because Lewis's complaint does not state a claim upon which relief can be granted, the Court grants the motions to dismiss.

## I. ORIGINS OF THE DISPUTE

This dispute arises out Lewis's employment with the City as a Deputy Bailiff. Lewis began his employment with the City on August 17, 2007. *See* Pl.'s Original Compl. ¶11 [1]. Lewis, an African-American, alleges that he was a candidate for Chief Marshal,[1] but that the City denied him this position because of his race. *See id.* ¶14. On January 15, 2014, Lewis claims that Moreau, acting as "Chief," cursed at him in front of other individuals, grabbed

_____

[1]According to the City, the actual job title is Chief Bailiff. The Court will follow Lewis's usage.

him by the right arm, and accosted him.  *Id.* ¶23–26.  When Lewis called his HR representative to discuss the incident, HR instructed him to speak with his immediate supervisor, Administrative Judge Daniel Solis.  *See id.* ¶28–29.  Lewis alleges that when he attempted to speak with Judge Solis, Judge Solis told him that he did not want to hear Lewis's complaint nor would he take Lewis's statement.  *See id.* ¶30–31.  Lewis filed a formal grievance against Moreau and Judge Solis.  On or about February 14, 2014, Judge Solis served as the hearing officer for the grievance over Lewis's objections.  *See id.* ¶33.  The City ultimately denied Lewis's grievance.  *See id.* ¶34.

Shortly after this incident, Lewis alleges that someone broke into his vehicle and stole his police revolver.  *See id.* ¶35.  Lewis states that he was detained for his suspected involvement in the crime, and the City then placed him on restricted duty.  *See id.* ¶36–38.  The City terminated Lewis from his position on May 16, 2014.  *See* App. to Original Compl. 2 [1-1].  On November 7, 2014, Lewis filed a claim with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race, color, and age discrimination, and retaliation.  *See id.*  The same day, the EEOC issued Lewis a right to sue letter.  *See id.* at 1. On January 29, 2016, Lewis brought the present action against the City, the Marshal's Office, and Moreau for violations of Title VII, 42 U.S.C. § 1981, the Texas Labor Code, and for violations of the Texas tort claims of defamation per se, wrongful discharge, and negligence. On April 14, 2016, the City, the Marshal's Office, and Moreau brought motions to dismiss Lewis's claims.

## II.  THE RULE 12(B)(6) STANDARD

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, "[a] court is permitted . . . to rely on 'documents

incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).  Second, "[a] written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding."  *Ferrer*, 484 F.3d at 780.  Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'"  *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)).   Finally, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record."  *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citation omitted); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "the district court took appropriate judicial notice of publicly-available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand").

### III. THE COURT GRANTS THE CITY'S MOTION TO DISMISS

#### A.  *Lewis Does Not State A Plausible Claim Against The Marshal's Office*

First, Lewis fails to state a plausible claim against the Marshal's Office because the Marshal's Office lacks the legal capacity to be sued.  A party must have the "capacity to sue or be sued."  FED. R. CIV. P. 17(b).  "In order for a plaintiff to sue a city department, it must

ORDER – PAGE 4

'enjoy a separate legal existence.'" *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting *Mayes v. Elrod*, 470 F.Supp. 1188, 1192 (N.D.Ill. 1979)). "Unless the political entity that created the department has taken 'explicit steps to grant the servient agency with jural authority,' the department lacks the capacity to sue or to be sued." *Crull v. City of New Braunfels*, 267 F. App'x 338, 341 (5th Cir. 2008) (quoting *Darby*, 939 F.2d at 313). The Dallas City Charter grants the power "[t]o sue and be sued" to the City of Dallas, but it does not explicitly grant such power to the Marshal's Office. *See* Dallas City Charter, Ch. 2, § 1(2). Lewis does not object to the dismissal of his claims against the Marshal's Office. *See* Pl.'s Resp. to Def. City of Dallas's Mot. to Dismiss 4 [23]. Accordingly, the Court grants the City's motion to dismiss with prejudice all claims against the Marshal's Office.

### B. Lewis Does Not State Plausible Tort Claims Against Moreau

Lewis likewise fails to state plausible tort claims against Moreau. Section 101.106 of the Texas Tort Claims Act ("TTCA"), entitled "Election of Remedies," provides:

> (e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e). Lewis brings tort claims against both the City and its employee, Moreau. Nonetheless, Lewis argues that section 101.106(e) is inapplicable because he has pled and intends to plead claims that do not fall under the TTCA and because he brings claims against Moreau in his official capacity.

Lewis asserts three tort claims against Moreau: defamation per se, wrongful discharge, and negligence. "[A]ll tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the TTCA]' for purposes of section 101.106." *Franka v. Velasquez*, 332 S.W.3d 367, 378 (Tex. 2011). *See also Bustos v. Martini Club Inc.*, 599 F.3d 458, 464 (5th Cir. 2010) (Plaintiff "does not state that the claim is under the TTCA, but because it is a tort theory against a governmental unit without any statutory basis, it is assumed to be under the Tort Claims Act for purposes of section 101.106.") (internal quotation marks omitted). Accordingly, the tort claims alleged against Moreau are under the TTCA.

Whether Lewis sued Moreau in his official capacity or in his individual capacity, section 101.106(e) requires dismissal of an employee where suit is filed against both a governmental unit and any of its employees. "[A] suit under the Tort Claims Act against a governmental unit bars a same-subject-matter suit against an employee in both the employee's official and individual capacities." *Fraga v. City of Dallas*, 2012 WL 760169, at *1 (N.D. Tex. 2012) (internal quotation marks omitted) (citing *Tex. Bay Cherry Hill, L.P. v. City of Forth Worth*, 257 S.W.3d 379, 401 (Tex. App.–Fort Worth 2008, no pet.)). Accordingly, the Court grants the City's motion to dismiss with prejudice Lewis's tort claims against Moreau.

### C.  Lewis Does Not State Plausible Title VII
### or Texas Labor Code Claims Against The City

Further, Lewis fails to state a plausible claim against the City under Title VII or the Texas Labor Code.  Lewis brings claims under Title VII and Texas Labor Code § 21.051 for race discrimination and for retaliation. Lewis argues that the City made adverse employment decisions against him based on his race.  The Court deals with these claims together because Title VII and the Texas Labor Code are governed by effectively identical law.  *See, e.g. Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012) ("Section 21.051 is effectively identical to Title VII, its federal equivalent, except that Title VII does not protect against age and disability discrimination . . . Because one of the purposes of [the Texas Labor Code] is to provide for the execution of the policies of Title VII . . . we have consistently held that those analogous federal statutes and the cases interpreting them guide our reading of the [Texas Labor Code].") (internal quotation marks omitted).

As an initial matter, Lewis's Title VII claims are untimely.  The EEOC stated in its right to sue letter dated November 7, 2014 that Lewis must file a lawsuit within 90 days of receipt of the notice from the EEOC or his right to sue would be lost.  *See* App. to Original Compl. 2 [1-1].  The Fifth Circuit has repeatedly upheld a three-day presumption for receipt of a right-to-sue letter from the date the letter is mailed.  *See, e.g., Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 267 (5th Cir. 2015).  Lewis did not file his suit until 448 days from the date the EEOC mailed the right-to-sue notice.  Lewis argues that equitable tolling should apply to his claims pursuant to *Chappell v. Emco*, which held that Title VII

limitations may be suspended when the EEOC misleads a complainant about the nature of his rights under Title VII. 601 F.2d 1295, 1302–03 (5th Cir. 1979). According to Lewis, the "investigator for the EEOC specifically informed [him] that [he] could sue in a civil capacity with the Right to Sue letter after [he] had dealt with the Administrative hearings and criminal matter." App. to Resp. to Def. City of Dallas's Mot. to Dismiss Pl.'s Compl. ¶28 [23-1]. Lewis received clear notice of the 90-day filing period in the EEOC's right to sue letter, and he provides the Court little detail about his conversation with the EEOC investigator. The Fifth Circuit has found these factors to be sufficient in denying equitable tolling. *See Stokes v. Dolgencorp, Inc.*, 367 Fed.Appx. 545, 549 (5th Cir. 2010). Further, in filing his lawsuit a year late, Lewis failed to show due diligence in preserving his legal rights. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.) Accordingly, the Court declines to apply equitable tolling to Lewis's claims.

Even if the Court were to extend equitable tolling to Lewis's claims, Lewis fails to state a claim under Title VII or the Texas Labor Code. To establish a prima facie case of discrimination under Title VII, a plaintiff must establish that he: "(1) is a member of a protected class; (2) was qualified for that position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or in the case of disparate treatment, shows that other similarly situated employees were treated more

favorably." *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004).  To establish a prima facie case of retaliation, a plaintiff must allege: "(1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action."  *Evans v. City of Houston*, 246 F.3d 344, 352 (5th Cir. 2001).

Lewis claims that the City of Dallas discriminated against him with respect to compensation, promotions, and discipline because of his race.  Lewis claims that the City denied him the position of Chief Marshal because of his race.  He asserts that the City "treat[ed] him differently and less favorabl[y] than similarly situated white and/or non-black employees and Plaintiff[']s race was a significant and motivating factor in Defendant's adverse decisions."  Pl.'s Original Compl. ¶50 [1].  Lewis fails to allege *how* the City treated him less favorably than those outside of his protected class.  Additionally, Lewis fails to allege that the City ultimately filled the Chief Marshal position with someone outside of his protected class.  A bare-bones allegation that the City treated Lewis less favorably than similarly situated nonblack employees will not suffice.  *See Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do.").  To the extent Lewis claims that his termination was because of his race, Lewis fails to allege facts from which the Court may infer that Lewis's termination was based on his race rather than his arrest.  Lewis does not show that the City would have treated others outside of his protected class differently under the same circumstances.

Further, on the face of the complaint, Lewis cannot establish a claim for retaliation because he did not engage in protected activity until after his termination. Lewis filed a charge with the EEOC on November 7, 2014, but the City terminated him from his position on May 16, 2014. Thus, Lewis's termination could not have been retaliatory based on his protected activity.

Lewis fails to state a claim to relief under Title VII or section 21.051 of the Texas Labor Code that is plausible on its face. Accordingly, the Court grants the City's motion to dismiss Lewis's claims under Title VII and section 21.051 of the Texas Labor Code. The Court, however, dismisses these claims without prejudice.

### D. Lewis Does Not State A Plausible Claim Under Section 1981 Against The City

Lewis fails to state a plausible claim against the City under section 1981. "Section 1981 claims are analyzed under the same framework as Title VII claims." *Jenkins v. Methodist Hospitals of Dallas, Inc.*, 478 F.3d 255, 260 (5th Cir. 2007) (citing *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004)). For the reasons set forth in section III.C, *supra*, the Court grants the City's motion to dismiss Lewis's claims under section 1981, but does so without prejudice.

### E. Lewis Does Not State Plausible Tort Claims Against The City

Because the City has not waived immunity for claims of defamation per se, wrongful discharge, or certain instances of negligence, Lewis fails to state plausible tort claims against the city. The three areas of liability in which immunity is waived under the TTCA are: "(1)

ORDER – PAGE 10

injuries caused by the operation or use of a motor-driven vehicle, (2) injuries caused by a condition or use of tangible personal or real property, and (3) injuries arising from premise defects." *Jackson v. Sheriff of Ellis County, Texas*, 154 F.Supp.2d 917, 921 (N.D. Tex. 2001) (internal citations omitted).  The TTCA does not extend its waiver of immunity to a claim "arising out of assault, battery, false imprisonment, or any other intentional tort."  TEX. CIV. PRAC. & REM. CODE § 101.057.  "Defamation is an intentional tort, for which the [TTCA] does not waive immunity."  *Hernandez v. Pulido*, 273 F.3d 392, 392 (5th Cir. 2001).  Similarly, the City has the right to assert sovereign immunity for Lewis's wrongful discharge claim.  *See id*. (The County "is sovereignly immune from suit for wrongfully terminating an at-will employee . . . ."); *see also Univ. of Texas Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 777 (Tex. App. – Houston [1st Dist.] 1999, pet. dism'd w.o.j.) (The wrongful discharge "exception to the doctrine of employment at will does not supercede the State's right to assert sovereign immunity.").

     Finally, Lewis brings a claim for negligence against the City.  Lewis claims that the defendants "made unqualified false statements with reckless disregard for the truth of such statements knowing that such statements had not been verified or proven."  Pl.'s Original Compl. ¶ 81 [1].  Lewis also alleges that the defendants "failed to investigate fully and thoroughly the claims and defenses of Plaintiff during his administrative hearings."  *Id*. Because these claims are unrelated to injuries caused by the operation or use of a vehicle,

injuries caused by a condition or use of tangible personal or real property, or injuries arising from premise defects, the City has not waived immunity from these claims.

Accordingly, the Court grants the City's motion to dismiss Lewis's tort claims against the City. However, the Court dismisses these claims without prejudice.

### F. Lewis's Remaining Claims Are Not Independent Causes of Action

Finally, Lewis brings claims against the City under the theories of respondeat superior and actual authority. Because respondeat superior and actual authority are theories of tort liability and not independent causes of action under which Lewis can legally recover, the Court grants the City's motion to dismiss these claims. However, to the extent Lewis is able to replead these theories in the form of independent causes of action, the Court dismisses these claims without prejudice.

## IV. THE COURT GRANTS MOREAU'S MOTION TO DISMISS

### A. Lewis Does Not State Plausible Title VII or Texas Labor Code Claims Against Moreau

First, Lewis fails to state a plausible claim against Moreau for violations of Title VII or the Texas Labor Code because civil liability under Title VII is only assessed against employers. *See Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994) ("[W]e conclude that individuals who do not otherwise qualify as an employer cannot be held liable for a breach of title VII."). Lewis does not object to the dismissal of his Title VII claims against Moreau, conceding that these claims are best brought against the City of Dallas. *See* Pl.'s Resp. to Def. Steve Moreau's Mot. to Dismiss Pl.'s Compl. 4 [24]. Title VII and the Texas

Labor Code are governed by effectively identical law. *See, e.g. Reed*, 701 F.3d at 439. Accordingly, the Court grants Moreau's motion to dismiss Lewis's Title VII and Texas Labor Code claims against him with prejudice.

### B. Lewis Does Not State a Plausible Claim Under Section 1981 Against Moreau

Additionally, Lewis fails to state a plausible claim against Moreau for violations of section 1981 because Lewis brought identical claims against Moreau's employer, the City of Dallas. Lewis argues that his claims are against Moreau acting within his official capacity as a state actor. However, Texas courts routinely dismiss claims brought against employees when identical claims are brought against the employer, even when the claims are brought against an individual as a state actor. "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "Since the official capacity claims are in reality claims against [the] City, the court will dismiss those claims as to the individual defendants." *Thompson v. City of Arlington, Tex.*, 838 F.Supp. 1137, 1143 (N.D. Tex. 1993). Further, "[s]tate actors may be sued only under section 1983, not section 1981." *Simmons v. Tarrant County 9-1-1 Dist.*, 2014 WL 3720417, at *4 (N.D. Tex. 2014). Accordingly, the Court grants Moreau's motion to dismiss Lewis's section 1981 claims against him with prejudice.

## CONCLUSION

Because Lewis fails to state a plausible claim upon which relief may be granted, the Court grants the City's and Moreau's respective motions to dismiss. The Court dismisses Lewis's claims against the Marshal's Office and Moreau with prejudice. The Court dismisses Lewis's Title VII and Texas Labor Code claims, section 1981 claims, tort claims, and all remaining claims against the City without prejudice. The Court grants Lewis leave to amend his complaint within thirty (30) days of the date of this Order.

Signed December 20, 2016.

David C. Godbey
United States District Judge

ORDER – PAGE 14